**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Government,

        -v-

IGOR KHARCHENKO,

                        Defendant.
-------------------------------------------------------------X

**DECISION AND ORDER**

02 Cr 1620 (RMB)

## I. Background

On August 19, 2003, Igor Kharchenko, ("Kharchenko" or "Defendant") pled guilty to a conspiracy to commit mail, health care fraud and to making false statements and to a substantive count of mail fraud, in violation of 18 U.S.C. §§ 371, 1341, and 2. On November 17, 2003, Mr. Kharchenko was sentenced to a term of imprisonment of 12 months and one day on each count, to run concurrently, followed by a term of three years of supervised release.  Mr. Kharchenko was also required to pay restitution in the amount of $22,747.69, jointly and severally with his coconspirators.  (See Judgment and Commitment Order, dated November 18, 2003.)  Restitution was paid in full by the Defendant on or about September 22, 2015.  (See Satisfaction of Judgment, dated September 24, 2015.)

On February 18, 2025, Defendant filed a motion "for an order pursuant to Fed. R. Cr. P. 36 correcting the judgment of conviction," (Motion at 1.), "so that the judgment will accurately reflect his share [of] the actual loss in this case . . . [as] there were at least two other co-conspirators involved in the transaction that led to this loss, so that the loss properly attributed to Mr. Kharchenko should be less than $10,000." (Def Mem. In Support of Motion at 1.)  Defense counsel also states that the Defendant "faces the very real prospect of deportation for conviction

of an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i) (crime involving fraud or deceit in which the loss to the victim exceeds $10,000)." (Def Mem. In Support of Motion at 1.)

On March 4, 2025, the Government submitted a letter response arguing that "there is no error in the judgment, and the Court should deny the defendant's motion." (Govt Letter at 1.)

By Reply dated, March 29, 2025, Defendant argues that courts recognize "apportionment [is] appropriate in cases where a criminal scheme has been organized and others are enlisted to play less significant roles, a situation resembling this case where Mr. Kharchenko's role was described as a 'runner'." (Reply at 2.)

**For the reasons set forth below, Defendant's motion [#14] is respectfully denied.**

## II. Legal Standard

Fed. R. Crim. P. 36 provides: "After giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Fed. R. Crim. P. 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

"It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances." *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010). Those circumstances may include a motion by the U.S. Bureau of Prisons requesting such a modification, pursuant to 18 U.S.C. § 3582(c); as provided by statute or Fed. R. Crim. P. 35; or if the U.S. Sentencing Commission reduces the applicable sentencing guidelines range pursuant to 28 U.S.C. § 994(o). *Id.*

A "district court retains equitable authority under the Victim and Witness Protection Act ('VWPA') to modify a payment schedule . . . [but, this authority] did not extend to modifying the

2

amount of restitution." *United States v. Zaman*, No. 03 CR 0824, 2015 WL 778177, at *1 (E.D.N.Y. Feb. 24, 2015).

18 U.S.C. 3664(h) "empowers district courts either to require each defendant to pay 'the full amount of restitution,' or to apportion liability among defendants according to the level of responsibility each defendant has for the victim or victims' losses." *United States v. Yalincak*, 30 F4th 115, 122 (2d Cir. 2022).

**III. Analysis**

Kharchenko was a "runner who set up staged automobile accidents and brought accident participants to medical clinics for 'treatment' for injuries they claimed to have sustained in the staged accidents." (PSR ¶ 9.) Kharchenko was also involved in staging automobile accidents during the conspiracy. "Kharchenko filed a claim with GEICO, the insurer for Kharchenko's vehicle in [a] March 9, 2000 accident, based on injuries supposedly sustained in that accident. Also according to NICB [National Insurance Crime Bureau] documents, Kharchenko received treatment at [a] Medical Center [owned and operated by other coconspirators] for injuries supposedly sustained in that accident." (PSR ¶ 11.) "Geico disbursed a total of $22,747.69 for claims pertaining to the March 9, 2000 accident ($12,747.69 for medical expenses and $10,000 for bodily injury insurance." (PSR ¶ 25.)

Kharchenko was ordered by the Court to pay "restitution in the amount of $22,747.69 jointly and severally with coconspirators" to Geico. (Judgment at 6.) He did that.

Kharchenko and coconspirators were involved in another accident that occurred on April 17, 2001. (PSR ¶ 12.) "FBI agents reviewed NICB documents which indicated that Kharchenko filed a claim with Allstate Insurance Company, the insurer for Kharchenko's vehicle in the April 17, 2001 accident. Kharchenko also filed a claim against Metropolitan Insurance Company, the insurer for the second vehicle involved in the April 17, 2001 accident." (PSR ¶ 18.) Kharchenko

3

was not ordered to pay restitution for the Allstate or Metropolitan Insurance Company insurance claims.

The Judgment was entered in this criminal case on November 18, 2003, i.e., over 21 years ago. The restitution obligation of $22,747.69 was satisfied by Kharchenko almost 10 years ago.

The Court ordered that the $22,747.69 restitution amount was a joint and several liability, of the Defendant and of his coconspirators. Kharchenko paid the restitution as ordered. The PSR, dated November 7, 2003, reflects that the Defendant (personally) filed the claim against Geico and (personally) asserted the injuries for which Geico paid. There is no legal basis to conclude retroactively that the "loss properly attributed to Mr. Kharchenko should be less than $10,000," as requested by the defense. (Def Mem. In Support of Motion at 1.) There is and was no error, oversight or omission in the Judgment. *See* Fed. R. Crim. P. 36. Any other arguments raised by the defense have been considered by the Court and rejected.

## IV. Conclusion & Order

For the reasons stated above, the Court denies Defendant's motion [#14] to modify the Judgment.

Dated: New York, New York
       May 8, 2025

                                    RMB
                        _____
                        RICHARD M. BERMAN, U.S.D.J.